# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY BOGOMOL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-174

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gregory Bogomol pleaded guilty to two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a). Bogomol admitted in the factual basis for his guilty plea that he knew or had reason to know that the images would be transmitted via the Internet and stipulated that the Internet is a "means and facility of interstate and foreign commerce." Bogomol did not admit that the images would move across state lines and now argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10238

absence of such an admission fatally undermines the factual basis for his guilty plea.

Under 18 U.S.C. § 2251, it is unlawful for a person to use a minor to produce a sexually explicit image "if such person knows or has reason to know" that the image "will be . . . transmitted using any means or facility of interstate or foreign commerce."  Bogomol contends that the term "means or facility" of interstate commerce should be limited to only those media that move an image across state lines.  According to Bogomol, construing § 2251 to include "intra-state transmission through interstate channels" impermissibly intrudes upon "the traditional state responsibility for crime control" and is therefore contrary to the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077 (2014).  Bogomol asserts that the factual basis for his plea was inadequate under Rule 11 because he neither admitted that the images he produced would be transmitted across state lines nor stipulated that the Internet constituted a means or facility of interstate commerce "in [his] case."

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea."  *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted).  As Bogomol concedes, plain error review applies to his forfeited objection to the factual sufficiency of his plea.  *See id.*  To establish plain error, he must show a forfeited error that is clear or obvious that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

2

No. 15-10238

We have held that transmitting child pornography via the Internet is "tantamount to moving photographs across state lines" and satisfies the interstate nexus requirement of § 2251. *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2001) (internal quotation marks and citation omitted). This court has also rejected arguments that the criminalization of intrastate transportation and transmission of child pornography violates the Commerce Clause. *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011) (rejecting a Commerce Clause challenge to the ban on production of child pornography in § 2251 as foreclosed under *United States v. Kallestad*, 236 F.3d 225, 231-33 (5th Cir. 2000)). The Supreme Court's decision in *Bond* did not abrogate the holdings of these cases. Accordingly, the district court's finding of an adequate factual basis for Bogomol's guilty plea was not a clear or obvious error, as Bogomol acknowledges. *See Puckett*, 556 U.S. at 135.

Alternatively, Bogomol asserts that this Court's conclusion that intrastate transmission of child pornography through interstate channels suffices to establish an interstate nexus is erroneous in light of *Bond* and that criminalization of such transmissions under § 2251 constitutes the prohibited exercise of a federal police power. He also argues, in the alternative, that plain error review should not apply to his forfeited objection to the factual basis for his plea. One panel of this court may not overrule the decision of another absent a superseding *en banc* or Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). Therefore, Bogomol is correct that these issues are foreclosed. *See Dickson*, 632 F.3d at 192; *Trejo*, 610 F.3d 313; *Runyan*, 290 F.3d at 192.

The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.